# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

KEVIN J KOHUTE, §
§
§ CIVIL ACTION NO. 6:18-CV-00304-RWS
**Plaintiff,** §
§
**v.** §
§
**MUNICIPAL SERVICES BUREAU,** §
§
§
**Defendant.** §

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. On June 28, 2018, the Magistrate Judge issued an Order to Amend (Docket No. 4), ordering that Plaintiff file an amended complaint addressing the following deficiencies: (1) failure to make "a short and plain statement of the grounds for the court's jurisdiction;" and (2) failure to make "a short and plain statement showing that the pleader is entitled to relief." Docket No. 4, citing Fed.R.Civ.P. 8. On July 2, 2018, Plaintiff received the Magistrate Judge's Order to Amend. Docket No. 7. On July 3, 2018, Plaintiff filed additional attachments to his complaint, but did not otherwise timely amend his complaint as ordered by the Magistrate Judge. Docket Nos. 5, 6. On July 18, 2018, after determining that Plaintiff's attachments were merely "a discussion of the Plaintiff's criminal history and interactions with law enforcement" and that they did not cure the aforementioned deficiencies in the original complaint, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's complaint be dismissed with prejudice. Docket No. 8, *quoting*

1

Docket Nos. 5, 6. Specifically, the Magistrate Judge recommended that Plaintiff's claims be dismissed with prejudice for failure to state a basis for subject matter jurisdiction and failure to state a claim for which relief can be granted. Docket No. 8. On July 20, 2018, Plaintiff received the Magistrate Judge's Report and Recommendation. Docket No. 12. On that same day, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. Docket Nos. 9, 10, 11. The Court reviews *de novo* the portions of the Magistrate Judge's findings to which objections have been raised. 28 U.S.C. § 636 (b)(1).

As an initial matter, Plaintiff does not object to any specific finding of the Magistrate Judge. Docket Nos. 9, 10, 11. Rather, over the course of a series of three objections, Plaintiff elaborates on facts involving the failure of Municipal Services Bureau to waive or erase Plaintiff's surcharges due to his income level. *Id.* Plaintiff also discusses additional and apparently unrelated information regarding local criminal enterprises. *Id.*

While Plaintiff failed to timely comply with the Magistrate Judge's Order to Amend and state a basis for jurisdiction, (Docket No. 8), he invokes new grounds for subject matter jurisdiction in his objections. Docket Nos. 9, 10, 11. Specifically, Plaintiff alleges that the Municipal Services Bureau violated the Americans with Disabilities Act ("the ADA") when it "discriminat[ed] against [Plaintiff's] ability to drive and discriminat[ed] [his] ability to pay surcharges" by advertising that the surcharges would be waived under an unspecified "indigency program" and then failing to waive the surcharges. *Id.*

The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 USC § 12132. Plaintiff pleads no facts in his Original Complaint, his Additional Attachments thereto, or

in his series of objections thereto, that support his ADA claim. Docket Nos. 1, 5, 6. Notwithstanding Plaintiff's unsupported claims that he receives Supplemental Security Income benefits, he has provided no evidence that he is a "qualified individual with a disability" under the ADA. Docket Nos. 1, 9, 10, 11; *see* 42 USC § 12131(2) ("The term 'qualified individual with a disability' means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity."). Assuming *arguendo* that Plaintiff is disabled, he has not pled any facts to support the claim that he has been "denied the benefits, services, programs, or activities of a public entity." Docket Nos. 1, 5, 6; 42 USC § 12132. Plaintiff has not alleged that Municipal Services Bureau denied him the benefits of his alleged "indigency program," that Municipal Services Bureau denied him those benefits as a result of his disability, or even that Municipal Services Bureau is a public entity. Docket Nos. 1, 5, 6. In sum, nothing in Plaintiff's objections provides any additional information or a basis for subject matter jurisdiction under the ADA. Additionally, and for the same reasons as are discussed above, Plaintiff's objections do not provide any additional support for a cognizable federal claim for which relief can be granted.

As the Magistrate Judge correctly found, Plaintiff has not alleged any facts invoking the violation of the U.S. Constitution or to a treaty to which the United States is a party, nor has Plaintiff invoked the Court's diversity jurisdiction because both Plaintiff and Defendant are alleged to be citizens of Texas. *See* Docket No. 4, citing Docket No. 1 at 7, 3 (noting Plaintiff has a Texas Driver's License and listing Defendant's address in Austin, Texas); 28 U.S.C. § 1331, 1332. Because Plaintiff has not pled facts that state a cognizable federal claim or otherwise give

rise to jurisdiction in this Court, the Court agrees with the Magistrate Judge that the complaint should be dismissed.

Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly **ORDERED** that the complaint is hereby **DISMISSED WITH PREJUDICE**.

**So ORDERED and SIGNED this 13th day of August, 2018.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE